### No. 220

JOSEPH MARRIOTT v O. E. HAWK No. 18317.  Error to the Court of Appeals Mahoning County

Motion for order to certify record filed in Supreme Court, Jan. 16, 1924.  2 Abs. 67.  Sustained, 2 Abs. 196, Ante.

54.  AGENCY—683.  JURY.

Published Only in Ohio Law Abstract

The above entitled case presents two questions of error:

First: The rule of law, as announced in 78 OS. 1, should be modified; and, further, enlarged to permit the creation of an agency by estoppel, under certain circumstances.

Second: When and what circumstances presented in the pleadings, in which foreclosure may possibly be awarded, present a case triable to the court alone, and in which the trial court can lawfully refuse a jury trial?

The first proposition grew out of the following facts:

Certain of the defendants had been investing money through another defendant, Hawk, in the course of which investment dealings the said Hawk placed the defendants' money in a mortgage security from the plaintiffs.

The plaintiffs paid from time to time until the loan was practically paid, whereupon they demanded the notes and release of the mortgage. The evidence disclosed that Hawk remitted to the investing defendants only the interest. He refused to satisfy and discharge the mortgage and later absconded.

The action was started by the plaintiffs, against him, before he left, for the purpose of compelling a release of the mortgage. The other defendants became such by cross-petitions, setting up their ownership of the notes and mortgage and the amount due.

The first question is made for the reason that it seems that in those cases in which an undisclosed principal goes to the length of entrusting his affairs to one who is an agent in all other respects should not be permitted to escape liability behind 78 OS. 7, but should at that time be estopped to deny the agency.

The second proposition presents one where an action starts out equitable in nature, and later having questions of fact injected into it, together with possible foreclosure. In such case it would seem that the issues should be submitted to a jury, which was refused in the instant case.

Attorneys—W. L. Countryman, Youngstown, for Marriott; John B. Morgan, for Hawk.